CJ-22-1513
Mai



IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR - 4 2022

RICK WARREN
COURT CLERK

| | |
|---|---|
| VALARIE KEOWN, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CJ-2022-1513 |
| OMNI HOTELS MANAGEMENT CORPORATION, a Delaware corporation; STEVE KEENAN; JOHN DOE ELEVATOR COMPANY; AND JOHN DOE ELEVATOR SERVICE COMPANY, | ) JURY TRIAL ATTORNEY LIEN CLAIMED |
| Defendants. | ) |

## PETITION

COMES NOW the Plaintiff, Valarie Keown, and for her cause of action against the above-named Defendants, alleges and states as follows:

1. The Plaintiff, Valarie Keown ("Keown" or "Valarie"), is a resident of Tulsa County, Oklahoma. Keown was injured in an accident caused by the Defendants' negligence on or about May 16, 2021, inside the Omni Hotel in Oklahoma City, Oklahoma.

2. On or about May 16, 2021, the Plaintiff was an invitee/guest on the premises of the Omni Hotel in Oklahoma City, Oklahoma, Oklahoma County, and was accompanied on the premises by her long-time friend, Sharon Abercia ("Abercia"), who was a guest staying on the hotel premises on the date in question.

3. Shortly after Keown's arrival at the hotel, she met with Abercia, and Keown and Abercia entered the elevator on premises in the lobby to go to Abercia's room.

4.     As they entered the elevator, Keown was closest to the closed door on the elevator, and suddenly, without warning, the elevator door opened violently and slammed into the right side and head of Keown, which caused Keown to be shoved into Abercia and the side wall of the elevator. As a result of the elevator door violently closing and striking Keown, she has suffered serious and permanent injuries hereinafter set forth.

5.     The Defendant, Omni Hotels Management Corporation ("Omni") is the owner of the building in which this incident occurred, and at the time the accident occurred, Steve Keenan ("Keenan") was the General Manager of the hotel, and as such, was responsible for the proper operation of the elevators inside the hotel.

6.     John Doe Elevator Company was the installer of the elevator and was responsible for its proper operations, as was John Doe Elevator Service Company which was responsible for the proper and safe operation of the elevators. The Defendants all failed to provide a safe environment and elevator doors in proper working order at the time this accident occurred. The negligence of the Defendants is the proximate cause of the Plaintiff's injuries.

7.     Immediately after the collision occurred with the elevator door, Keown went to Abercia's room to lie down and take care of herself. Abercia then proceeded to the front desk of the hotel to file a complaint about the improper functioning of the elevator door with the Defendant Omni.

8.     Shortly after the accident and in response to Abercia's meeting with management at the front desk, a security person was dispatched to Abercia's room and that person took a report from Keown. The report was assigned a claim number of 189527811-001.

9.     During her discussion at the hotel with management immediately after the accident, Abercia requested a copy of any video recording that might have been made as there

was another couple in the elevator at the time the accident occurred, and she was hoping she would be able to identify those persons. Abercia was told by management at that time there were no video recordings in the elevators.

10. As a result of the elevator door slamming into her temple and her body, Keown has suffered the following injuries and symptoms: She has a concussion; she has suffered migraine headaches for in excess of three months; she has experienced considerable dizziness; she suffered nausea and vomiting in connection with her migraine headaches; she has experienced pain in her low back and in her knees and legs; she has suffered from concussion syndrome and fatigue; her ability to drive a motor vehicle was limited for a period of time after the accident; her balance was uncertain for a period of time after the accident; she had blurred vision; she had difficulty speaking; and her cognitive functions are severely diminished. Keown has a hard time looking at screens as they make her very dizzy, so much so that she has to lie down. She also has trouble speaking. All in all, this accident has changed Keown's life and her lifestyle.

11. At the time the accident occurred on May 16, 2021, there was no information on the inside of the elevator door or on the outside with regard to who the manufacturer of the elevator is, who to contact in an emergency, there were no contact numbers listed.

WHEREFORE, premises considered, the Plaintiff prays for any rate of damages to which she may be entitled for the cause of action established, and in any event, for an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code.

Respectfully submitted,

Larry D. Leonard, OBA #5380
TITUS HILLIS REYNOLDS LOVE
15 East Fifth Street, Suite 3700
Tulsa, Oklahoma 74103-4304
Telephone: (918) 587-6800
Facsimile: (918) 587-6822

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

## VERIFICATION

STATE OF OKLAHOMA )
                   ) ss.
COUNTY OF TULSA    )

Valarie Keown, of lawful age, after first having been duly sworn upon oath, deposes and states: That she is the above-named Plaintiff; that she has read the above and foregoing Petition; and that the contents contained therein are true and correct to the best of her knowledge.

*Valarie Keown*
Valarie Keown

Subscribed and sworn to before me this 31st day of March, 2022.

*Notary Public*

My commission expires:

DEANN K. FARTHING
Notary Public
State of Oklahoma
Commission #03001517 Exp: 01/30/23

CERTIFIED COPY
AS FILED OF RECORD
IN DISTRICT COURT

APR 2 6 2022

RICK WARREN COURT CLERK
Oklahoma County